payment of the claim, should be suspended until the claim shall be established by a competent tribunal having jurisdiction to determine and adjudicate the same, cannot therefore be adopted. In Re Callahan's Estate, 152 N. Y. 320, 46 N. E. 486, it appears that the executrix was the sole devisee named in the decedent's will; and in such a case a provision similar to the one suggested by the referee would be a proper one, as decree of distribution might be made therein, all parties interested in the estate being before the court, which is not the case here.

I think that the only decree which can be made here is one stating the account of the executor as filed, except that it shall not adjudge that the petitioner's claim was rejected, but that it had not been admitted or established. This will leave the petitioner free to prosecute his claim in a court having jurisdiction to try the question of its validity, and, if he recovers judgment thereon, to take such further proceedings as he may be advised; and the decree may contain a provision that it is made without prejudice to such proceeding on his part. Decree may be submitted in accordance herewith.

Decreed accordingly.

---

(25 Misc. Rep. 279.)

## In re BARNES' ESTATE.

(Surrogate's Court, New York County. November, 1898.)

SURROGATE'S COURT — APPLICATION BY NEXT OF KIN FOR AN ACCOUNTING — LIMITATIONS.

An application under Code Civ. Proc. § 2727, by next of kin, to compel an accounting by decedent's administratrix, presented 17 years after letters of administration, and 9 years after applicant has reached his majority, being a special proceeding, and analogous to an action at law to recover a demand, is barred by 6 years' limitation, under Code Civ. Proc. §§ 382, 414.

In the matter of the estate of Rosanna Barnes, deceased. Application for compulsory accounting by legatee under Code Civ. Proc. § 2727. Dismissed.

Moran & Belfer, for petitioner.
A. H. Parkhurst, for respondent.

ARNOLD, S. This is a proceeding instituted under section 2727 of the Code of Civil Procedure by the petitioner, claiming to be one of the next of kin of the decedent, against the administratrix of the latter's estate, to compel an accounting by her; and it is alleged in the petition that as such administratrix certain moneys and property came into her hands, for which she has never accounted. The respondent has appeared and interposed an answer admitting that she received moneys of the estate, and that she has not accounted, but averring that she has properly expended all such moneys, and in part in the support of the petitioner; and she then pleads the statute of limitations as a bar to the application. It appears that letters of administration were granted to the respondent on September 13, 1881,

and that the petitioner was then an infant, but that he arrived at the age of 21 years in the year 1889. Thus, it is conceded, that this proceeding was not commenced until 17 years after the issuance of letters and 9 years after the petitioner attained his majority. According to the definition of remedies by the Code of Civil Procedure, this is a special proceeding, but the rule of limitation applicable thereto is the same as if it were a civil action. Code Civ. Proc. §§ 414, 3333, 3334; Church v. Olendorf, 49 Hun, 439, 3 N. Y. Supp. 557. It is well settled that as to legacies not charged upon land, distributive shares of an estate, and debts owing by the decedent, the statutes of this state give a concurrent remedy to legatees, creditors, and next of kin in courts of law and equity and in the surrogate's court; and as the statute of limitations is a bar at law it is also a bar in the surrogate's court, or in a court of equity (In re Rogers' Estate, 153 N. Y. 322, 47 N. E. 589); and it has accordingly been repeatedly held that, where an action by a legatee to recover his legacy or distributive share is barred by the statute, his right to an accounting by the representative of the estate is also barred, as the remedies are concurrent; and, where one must be denied, the other must be denied. McCartee v. Camel, 1 Barb. Ch. 455; Paff v. Kinney, 1 Bradf. (Sur.) 5; Smith v. Remington, 42 Barb. 75; House v. Agate, 3 Redf. 307; Clark v. Ford, 1 Abb. Dec. 359; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; In re Nicholls, 8 N. Y. Supp. 7; In re Perry's Estate, 15 N. Y. Supp. 535; In re Miller's Estate, 15 Misc. Rep. 556, 37 N. Y. Supp. 1129; Clock v. Chadeagne, 10 Hun, 97; In re Van Dyke, 44 Hun, 394; In re Rogers' Estate, supra. In the last-mentioned case it is stated in the opinion that, if the petitioner had applied as next of kin for an accounting, her remedy would have been analogous to an action at law to recover on a demand that was due, and hence would have been governed by the six-years statute of limitation (Code Civ. Proc. §§ 382, 414); but it held that as the proceeding was brought under section 2606, by an administratrix de bonis non, to compel an accounting of the respondent as executor of the will of the deceased administratrix of the estate, being in the nature of a bill of discovery, the ten-years (Code Civ. Proc. § 388), and not the six-years, statute of limitations applied; and that, as provision for such a proceeding was not made by law prior to September 1, 1880, when that section became operative, and the proceeding was instituted within ten years from that date, the right of the petitioner as administratrix de bonis non to demand such accounting was not barred. In that case it was shown that the respondent received as executor unadministered assets of the estate of which his testatrix was administratrix. My conclusion is that the petitioner's right to demand an accounting from the respondent here was, at the time of commencing the proceeding, barred by the statute of limitations, and an order may be submitted dismissing the petition.

Petition dismissed.